UNITED FIRE & CASUALTY COMPANY, Plaintiff-Appellant,

v.

Gayle L. KLEPPE and Beau Wold, Defendants-Respondents-Petitioners,

EMPLOYERS INSURANCE OF WAUSAU, State of Wisconsin Department of Industry, Labor & Human Relations, Workers' Compensation Division, Defendants.

Supreme Court

*No. 91–1231–FT. Submitted on briefs November 4, 1992.—Decided March 24, 1993.*

(Also reported in 498 N.W.2d 226.)

For the defendants-respsondents-petitioners there were briefs by *Lorrie J. Franson* and *Guelzow, Senteney & Franson, Ltd.,* Eau Claire.

For the plaintiff-appellant there was a brief by *William M. Gabler* and *Garvey, Anderson, Johnson, Gabler & Geraci, S.C.,* Eau Claire.

WILLIAM A. BABLITCH, J.   Gayle Kleppe and Beau Wold (collectively Kleppe) seek review of a court of appeals' decision which held that the Kleppe's monetary recovery from their uninsured motorist (UM) coverage could be reduced by sums paid or payable to the Kleppes from Gayle Kleppe's employer's worker's compensation carrier. The United Fire and Casualty Company's (UF&C's) insurance policy issued to Kleppe contained a reducing clause to this effect which the company sought to enforce. Kleppe argues that this court's prior case law mandates that clauses seeking to reduce compensation available to an insured under a UM policy are void and unenforceable if such reductions would be unavailable to

a tortfeasor. We agree. Accordingly, the judgment of the court of appeals is reversed.

The relevant facts are undisputed. Kleppe was injured as a result of a motor vehicle accident with an uninsured motorist. Kleppe and her husband made a claim for all of their damages under a UF&C motor vehicle insurance policy that provides uninsured motorist benefits with a limit of $300,000 per accident. The amount of Kleppe's damages has not been established. Kleppe was in the course of her employment at the time of the accident, so she is collecting and will continue to collect worker's compensation benefits from her employer's insurance carrier.

UF&C sought a declaratory judgment to enforce the "limit of liability" provision in its policy. The reducing provision appears in the uninsured motorist section of the policy (Part C) under the heading "Limit of Liability." The policy provides in relevant part:

B.  Any amounts otherwise payable for damages under this coverage [uninsured motorist] shall be reduced by all sums:

    1.  Paid . . . by or on behalf of persons . . . who may be legally responsible. This includes all sums paid under Part A [liability coverage]; and

    2.  Paid or payable because of the 'bodily injury' under any of the following or similar law:

        a.  workers' compensation law . . ..

C.  Any payment under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A [liability coverage].

The circuit court concluded that according to this court's case law interpreting sec. 632.32(4)(a), Stats., the

639

reducing clause is invalid because it violates the legislative mandate expressed in sec. 632.32(4)(a).[1] The court of appeals reversed. It concluded that UF&C's reducing clause is not invalid as long as it does not reduce the UM coverage below the minimum amounts required by sec. 632.32(4)(a). In other words, the court of appeals held that Kleppe's damages, after subtraction of her worker's compensation benefits, must not fall below the statutory minimums for UM coverage, ($25,000 per person and $50,000 per accident) or the reducing clause is invalid. Because Kleppe's damages are undetermined, the court of appeals further concluded that it was premature to decide whether enforcement of UF&C's reducing clause has the effect of violating the mandatory UM coverage statute. *See United Fire & Casualty Co. v. Kleppe,* 166 Wis. 2d 844, 480 N.W.2d 537 (Ct. App. 1992). The court of appeals also concluded that the collateral source rule has no application in this case. We granted Kleppe's petition for review.

The granting or denying of relief in a declaratory judgment action is a matter within the sound discretion of the circuit court. *WEAC v. State Elections Board,* 156 Wis. 2d 151, 161, 456 N.W.2d 839 (1990). An appellate court will not upset the circuit court's discretional decision unless there is an erroneous exercise of discretion. *Rudolph v. Indian Hills Estates, Inc.,* 68 Wis. 2d 768,

---

[1] Section 632.32(4)(a) provides:

REQUIRED UNINSURED MOTORIST AND MEDICAL PAYMENTS COVERAGES. Every policy of insurance subject to this section . . . shall contain therein . . . provisions . . .

1. [f]or the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . in limits of at least $25,000 per person and $50,000 per accident.

772 n.10, 229 N.W.2d 671 (1975). If a circuit court bases the exercise of discretion upon an error of law, that judge's conduct is beyond the limits of his/her discretion. *State v. Hutnik,* 39 Wis. 2d 754, 763, 159 N.W.2d 733 (1968).

The issue before this court is whether the reducing clause in UF&C's insurance policy, which seeks to reduce uninsured motorist coverage by sums already paid or payable to its insured, Gayle Kleppe, by her employer's worker's compensation carrier, violates sec. 632.32(4)(a), Stats., and thus is unenforceable.[2] Kleppe argues that clauses seeking to reduce compensation available to an insured under a UM policy should be void and unenforceable, as a matter of law, whenever such reduction would be unavailable to a tortfeasor. Kleppe contends that this result is mandated by this court's decision in *Nicholson v. Home Ins. Cos.,* 137 Wis. 2d

---

[2] The issue of whether Kleppe's employer's worker's compensation carrier has the right to reimbursement from the uninsured motorist coverage available to Kleppe is not before us in this case. Subsequent to our review in this case, the parties signed a Stipulation and Order of Dismissal whereby they agreed that the action would be dismissed against the worker's compensation carrier, Employers Insurance of Wausau (Employers), and it was stipulated that Employers would not pursue a claim for the proceeds of Kleppe's Uninsured Motorist Policy. For a thorough discussion of whether a worker's compensation carrier has the right to reimbursement for benefits it paid to an employee when reimbursement is sought from the uninsured motorist coverage available to the employee *see Berna-Mork v. Jones,* 174 Wis. 2d 645, 498 N.W.2d 221 (1993). *See also* section 102.29(1), Stats., which provides in relevant part:

> The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall have the same right to make claim or maintain an action in tort against any other party for such injury or death.

581, 405 N.W.2d 327 (1987). We agree. We conclude that pursuant to this court's holding in *Nicholson,* a reducing clause which is unavailable to a tortfeasor and seeks to reduce UM benefits by amounts received under worker's compensation is invalid in all circumstances, regardless of the amount to which it reduces the UM benefits.

In *Nicholson,* an insurance company sought to reduce the amount it owed the plaintiff under the liability portion of its policy by the amount which it paid the plaintiff prior to trial under the uninsured motorist portion of its policy. We concluded that the reducing clause was void and unenforceable because it contravened the mandatory UM statute, sec. 632.32(4)(a), Stats. The clause at issue in *Nicholson* was nearly identical to the clause at issue in this case. In reaching our conclusion that the clause was void and unenforceable, we stated:

> The uninsured motorist statute mandates that certain motor vehicle insurance policies provide uninsured motorist protection. This court has said that '[t]he purpose of uninsured motorists coverage is to compensate an insured who is the victim of an uninsured motorist's negligence to the same extent as if the uninsured motorist were insured.' Uninsured motorist coverage essentially substitutes for insurance that the tortfeasor should have had. . . ..

> Insurance companies are required to put uninsured motorist provisions in their automobile insurance policies for the protection of an injured party, not for their own protection. If the purpose of the uninsured motorist statute is to be achieved, the plaintiff must be entitled to the proceeds of the uninsured motorist coverage *without reductions that would not have been available had the uninsured motorist been insured. Nicholson,* 137 Wis. 2d at 591–592 (citations omitted) (emphasis added).

In the case at issue, a reduction for amounts received through worker's compensation "would not have been available had the uninsured motorist been insured." Thus, in order to truly put Kleppe in the position that she would have been if the uninsured motorist had been insured, the reducing clause cannot be used.

■ We hold that pursuant to sec. 632.32(4), Stats., a clause which reduces compensation available to an insured under a UM policy is void and unenforceable, as a matter of law, if such reduction would be unavailable to a tortfeasor. Therefore, the reducing clause in UF&C's insurance policy concerning worker's compensation is void and cannot be used to reduce UM benefits. The court of appeals concluded that the reducing clause was invalid only if it worked to reduce UM benefits below the statutory minimums. This interpretation of sec. 632.32(4) is not consistent with the statute's purpose, which is to compensate an insured who is the victim of an uninsured motorist's negligence to the same extent as if the uninsured motorist were insured. To be consistent with this purpose, a reducing clause cannot be used to reduce UM benefits when such a reduction could not have been used by a tortfeasor. Kleppe obtained $300,000 of UM coverage and she is entitled to that amount without constraints that would not have been available had the uninsured motorist been insured for $300,000. Accordingly, we reverse the judgment of the court of appeals.

Kleppe also argues that the collateral source rule should apply in this case. Under the collateral source rule, if an injured person receives compensation for injuries from another source besides the tortfeasor, that compensation cannot be deducted from the damages the tortfeasor may be required to pay. Thus, Kleppe argues,

her compensation from her worker's compensation carrier should not be deducted from the monies her UM insurance carrier is required to pay because the UM carrier is standing in the shoes of the tortfeasor. Because we conclude that UF&C's reducing clause is invalid and UF&C may not reduce its coverage by sums already paid or payable to Kleppe by her employer's worker's compensation carrier, we need not reach the issue of the application of the collateral source rule to this case.

*By the Court.*—The decision of the court of appeals is reversed.

STEINMETZ, J. *(concurring)*. I concur with the result in this case because Employers Insurance of Wausau, Kleppe's employer's worker's compensation carrier, agreed not to make a claim to Kleppe's uninsured motorist benefits under sec. 102.29, Stats. Majority op. at 641 n.2. I do not agree with the substantive reasoning of the majority and that disagreement is expressed in my dissent in *Berna-Mork v. Jones,* 174 Wis. 2d 645, 498 N.W.2d 221 (1993).