(88–CV–450) Jennifer BERNA-MORK and Jay Mork, Plaintiffs-Respondents,

v.

Jane P. JONES, Milwaukee Guardian Insurance, Inc., West Bend Mutual Insurance Company and AJames Doe Insurance Company, Defendants.

(89–CV–8) LUMBERMEN'S MUTUAL CASUALTY COMPANY, Plaintiff-Appellant-Petitioner,

v.

WEST BEND MUTUAL INSURANCE COMPANY, Defendant-Respondent.

Supreme Court

*No. 90–1626. Submitted on briefs November 4, 1992.—Decided March 24, 1993.*

(Also reported in 498 N.W.2d 221.)

645

For the plaintiff-appellant-petitioner there were briefs by *Robert J. Shannon, David G. Keefe* and *Anderson, Shannon, O'Brien, Rice & Bertz,* Stevens Point.

For the defendant-respondent, West Bend Mutual Insurance Company, there was a brief by *David A. Ray* and *Terwilliger, Wakeen, Piehler & Conway, S.C.,* Stevens Point.

For the plaintiff-respondent, Jennifer Berna-Mork and Jay Mork, there was a brief by *Steven L. Toney* and *Law Office of Steven L. Toney,* New London.

JON P. WILCOX, J.   This is a review under sec. (Rule) 809.62, Stats., of a published court of appeals decision, *Berna-Mork v. Jones,* 165 Wis. 2d 661, 478 N.W.2d 301 (Ct. App. 1991), affirming a judgment dismissing Lumbermen's Mutual Casualty Company's complaint against West Bend Mutual Insurance Company. The issue is whether a worker's compensation carrier has the right to reimbursement for benefits it paid to an employee when reimbursement is sought from the uninsured motorist coverage available to the employee. We

conclude that under sec. 102.29(1), Stats.,[1] a worker's compensation carrier does not have the right to reimbursement from uninsured motorist coverage available to an employee because the employee's uninsured motorist claim is based on contract. We affirm.

On August 6, 1986, Jennifer Berna-Mork was injured in an automobile accident. Berna-Mork was a passenger in an automobile operated by her co-employee, Jane Jones. Jones and Berna-Mork were returning to work from lunch. While the Jones automobile was stopped in traffic, an automobile driven by Keith Plasky struck the rear of the Jones vehicle and injured Berna-Mork. The Plasky vehicle was not insured and Plasky was granted a discharge in bankruptcy.

Berna-Mork filed a worker's compensation claim for benefits on account of her injuries. Lumbermen's is the worker's compensation insurer of her employer. Lumbermen's paid worker's compensation benefits to Berna-Mork pursuant to an order of the Department of Industry, Labor and Human Relations.

Berna-Mork brought a third-party action in tort against Plasky, Jones and Jones' liability and uninsured motorist carrier, West Bend Mutual Insurance Company. Lumbermen's commenced an action against West Bend to participate in the third-party action. Lumbermen's alleges that pursuant to sec. 102.29(1), Stats. it is entitled to reimbursement from West Bend's uninsured motorist coverage for worker's compensation benefits Lumbermen's paid to Berna-Mork. The two actions were consolidated.

---

[1] Section 102.29(1), Stats., provides in relevant part:

The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall have the same right to make claim or maintain an action in tort against any other party for such injury or death.

The trial court granted summary judgment dismissing Lumbermen's action against West Bend on grounds that the grant of authority for subrogation found in sec. 102.29(1), Stats., does not extend to actions involving uninsured motorist coverage because such actions are contractual as opposed to actions in tort. Lumbermen's appealed. The court of appeals affirmed. The court of appeals held that Lumbermen's had no right to subrogation against West Bend under sec. 102.29(1) because the employee's right to uninsured motorist coverage is contractual.

■ When reviewing a summary judgment decision, this court is required to apply the standards set forth in sec. 802.08, Stats., in the same manner as the trial court. *Voss v. City of Middleton,* 162 Wis. 2d 737, 748, 470 N.W.2d 625 (1991).

■ The question before this court involves the interpretation and application of sec. 102.29(1), Stats. A question of statutory interpretation is a question of law which this court decides independently and without deference to the reasoning of the lower courts. *Voss,* 162 Wis. 2d at 749.

■ In this case we are asked to determine whether sec. 102.29(1), Stats., permits a worker's compensation carrier to seek reimbursement from the uninsured motorist coverage available to the injured employee. The aim of all statutory interpretation is to discern the intent of the legislature. *Id.* In ascertaining that intent, the first resort is to the language of the statute itself. *Id.* If it clearly and unambiguously sets forth the legislative intent, it is the duty of the court to apply that intent to the case at hand and not look beyond the language of the

650

statute to ascertain its meaning. *Id.* However, if the language of the statute does not unambiguously set forth the legislative intent, the court will resort to judicial construction of the statute to ascertain and carry out the legislative intent. *Id.*

The language of sec. 102.29(1), Stats., is clear and unambiguous. The statute provides that, "[t]he employer or compensation insurer . . . shall have the same right to make a claim or maintain an action *in tort* against any other party. . . ." (Emphasis added.) The statutory language clearly and unambiguously sets forth that the subrogation rights of the employer or compensation insurer are limited to claims in tort. Claims based on contract are not permitted.

An action on uninsured motorist coverage is based on contract; although in order to recover, the insured must prove the negligence of the uninsured motorist. *Sahloff v. Western Casualty & Surety Co.,* 45 Wis. 2d 60, 70, 171 N.W.2d 914 (1969); *Employers Health Insurance v. General Casualty Company of Wisconsin,* 161 Wis. 2d 937, 951, 469 N.W.2d 172 (1991). Lumbermen's cannot maintain an action against West Bend's uninsured motorist coverage because such an action is based on contract and precluded under sec. 102.29(1), Stats.

We hold that under sec. 102.29(1), Stats., an employer or compensation insurer has no right to subrogation against uninsured motorist benefits available to the employee because an action for uninsured motorist benefits is based on contract not tort. The majority of jurisdictions that have considered this issue agree with our conclusion and reasoning. *See March v. Pekin Ins. Co.,* 465 N.W.2d 852 (Iowa 1991); *Barker v. Palmarin,*

651

799 S.W.2d 117 (Mo. Ct. App. 1990); *Jones v. Firemen's Relief and Pension Board,* 738 P.2d 1068 (Wash. Ct. App. 1987); *Merchants Mut. Ins. Group v. Orthopedic Professional Assoc.,* 480 A.2d 840 (N.H. 1984); *Bill Hodges Truck Co., Inc. v. Humphrey,* 704 P.2d 94 (Okla. Ct. App. 1984); *Cooper v. Younkin,* 339 N.W.2d 552 (Minn. 1983); *Knight v. Insurance Co. of North America,* 647 F.2d 127 (10th Cir. 1981); *State Compensation Insurance Fund v. Commercial Union Ins. Co.,* 631 P.2d 1168 (Colo. Ct. App. 1981); *State Farm Mut. Ins. Co. v. Fireman's Fund American Ins. Co.,* 550 S.W.2d 554 (Ky. 1977); *Courson v. Maryland Casualty Co.,* 475 F.2d 1030 (8th Cir. 1973); *Travelers Ins. Co. v. National Farmers Union Property and Casualty Co.,* 480 S.W.2d 585 (Ark. 1972); *State Farm Mutual Auto. Ins. Co. v. Cahoon,* 252 So. 2d 619 (Ala. 1971); *Horne v. Superior Life Ins. Co.,* 123 S.E.2d 401 (Va. 1962); *See also* 2A Arthur Larson, The Law of Workmen's Compensation sec. 71.23(a), n.27 (1992).

Lumbermen's argues that an uninsured motorist claim is based in tort and satisfies sec. 102.29(1), Stats., because the claimant must first establish her legal entitlement to recover damages from the uninsured tortfeasor. We are not persuaded by Lumbermen's reasoning. It is now well established that a claim for uninsured motorist benefits is a claim based on contract. *Sahloff,* 45 Wis. 2d at 70; *Employers Health,* 161 Wis. 2d at 951. An uninsured motorist insurer is not a wrongdoer. *Employers Health,* 161 Wis. 2d at 951. The uninsured motorist insurer's responsibility to compensate the claimant arises from the insurance contract and the uninsured motorist statute. *Id.* 161 Wis. 2d at 947.

Lumbermen's claims a right to equitable subrogation. The purpose of the doctrine of subrogation is to

652

avoid unjust enrichment. Equitable subrogation rests on the principles that someone other than a volunteer who pays for the wrong of another should be permitted to look to the wrongdoer to the extent that he has paid a debt or demand which should have been paid by the wrongdoer. *Hamed v. County of Milwaukee,* 108 Wis. 2d 257, 264, 321 N.W.2d 199 (1982). Lumbermen's, however, is not seeking reimbursement from a wrongdoer. As mentioned above, West Bend as the uninsured motorist insurer does not stand in the shoes of the uninsured motorist. West Bend is not a tortfeasor; therefore, subrogation cannot exist against it. Statutory liability without any finding of wrongdoing does not provide a sufficient bases for subrogation. *Employers Health,* 161 Wis. 2d at 951.

Lumbermen's contends that a distinction should be made between cases in which the employee purchased the uninsured motorist policy and cases where the uninsured motorist policy was purchased by someone other than the employee. Lumbermen's asserts that the injured employee is entitled to all of the uninsured motorist funds when she pays for the uninsured motorist policy out of her own pocket, but not when someone else picks up the coverage for her. We disagree. The language of sec. 102.29(1), Stats., provides no basis for such a distinction. That section permits subrogation in tort claims only. Regardless who pays the premium, uninsured motorist coverage is simply a contract for the payment of a sum measured by the amount of damages the insured is legally entitled to recover from an uninsured third-party tortfeasor. Section 102.29(1)simply does not permit subrogation in an action on an uninsured motorist contract. *Cooper,* 339 N.W.2d at 553–54; *Knight,* 647 F.2d at 129.

653

Lumbermen's assertion that Berna-Mork will benefit from a double recovery if Lumbermen's is not permitted reimbursement against the uninsured motorist benefits is not substantiated by the record before us. Berna-Mork's damages have yet to be determined. It is unknown if Berna-Mork will be made whole or more than whole by her recovery of worker's compensation and uninsured motorist benefits.[2] Even if a double recovery does occur, it is clearly mandated by the language of sec. 102.29(1), Stats.

Finally, Lumbermen's argues that our holding treats employee-accident victims of uninsured drivers better than employee-accident victims of insured drivers because the compensation insurer is permitted to seek subrogation in a tort action against the insured driver. Our holding does not limit the right of the compensation insurer to seek reimbursement against the uninsured tortfeasor or any other tortfeasor. The legislature has determined that this is the appropriate policy. Any change in policy is for the legislature to make.

In sum, we hold that under sec. 102.29(1), Stats., an employer or compensation insurer who has paid worker's compensation benefits to an employee has no right to subrogation against uninsured motorist benefits available to the employee because an action for uninsured motorist benefits is based on contract not tort.

---

[2] West Bend argues that a double recovery will not occur because its uninsured motorist policy contains a clause reducing uninsured motorist benefits payable by any amounts payable under worker's compensation law. We do not decide the validity or effect of such a clause in this case. For a discussion of the validity and effect of reducing clauses in uninsured motorist policies *see United Fire & Casualty Co. v. Kleppe,* 174 Wis. 2d 637, 498 N.W.2d 226 (1993).

*By the Court.*—The decision of the court of appeals is affirmed.

STEINMETZ, J. *(dissenting).* I would hold that the uninsured motorist funds are subject to the distribution formula set forth in sec. 102.29, Stats. The majority improperly ignores the full intent of this section.

Section 102.29(1), Stats., in part, provides as follows:

> **Third party liability. (1)** The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not affect the right of the employe . . . to make claim or maintain an action in *tort* against any other party for such injury or death, hereinafter referred to as a third party . . .. The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall have the same right to make claim or maintain an action in *tort* against any other party for such injury or death. (Emphasis added.)

This section later sets forth a formula for distributing the proceeds of a third-party action.

Section 102.29, Stats., permits a worker's compensation carrier to seek reimbursement from uninsured motorist coverage available to an injured employee. Even though the source of funds is the injured party's uninsured motorist coverage rather than the third-party tortfeasor's liability insurance coverage, the basis of the liability is the same, the tortfeasor's conduct. The basis of the claim is tort. The amount recoverable from uninsured motorist coverage depends on the negligence of the tortfeasor. *See, e.g., Employers Health Ins. v. General Cas.,* 161 Wis. 2d 937, 946, 469 N.W.2d 172 (1991); *Nicholson v. Home Ins. Cos.* 137 Wis. 2d 581, 591, 405

N.W.2d 327 (1987); *Sahloff v. Western Casualty & Surety Co.,* 45 Wis. 2d 60, 69, 171 N.W.2d 914 (1969). Moreover, if the uninsured motorist coverage is not sufficient to cover the damages sustained by the insured, the uninsured tortfeasor remains liable for the uncompensated damages.

Our decision in *United Fire & Casualty Co. v. Kleppe,* 174 Wis. 2d 637, 498 N.W.2d 221 (1993), is distinguishable from this case. In *Kleppe,* the worker's compensation carrier agreed not to seek reimbursement from the injured employee's uninsured motorist benefits. 174 Wis. 2d at 641 n.2. The majority opinion leaves open the only recourse for the worker's compensation carrier to be against the insured for the carrier's share under the sec. 102.29, Stats., formula.

Accordingly, I dissent from the majority opinion.

I am authorized to state that Justices SHIRLEY S. ABRAHAMSON and WILLIAM A. BABLITCH join this dissenting opinion.