Linda A. KUHN, Plaintiff-Respondent,

v.

ALLSTATE INSURANCE COMPANY, Defendant-Appellant-Petitioner,

RUSK COUNTY DEPARTMENT OF SOCIAL SERVICES, Nominal-Defendant.

Supreme Court

*No. 93–0344. Oral argument March 7, 1995.—Decided May 23, 1995.*

(Also reported in 532 N.W.2d 124.)

50

For the defendant-appellant-petitioner there were briefs by *Terrance E. Davczyk, Vicki L. Arrowood* and *Kasdorf, Lewis & Swietlik, S.C.,* Milwaukee and oral argument by *Terrance E. Davczyk.*

For the plaintiff-respondent there was a brief by *Virginia M. Antoine,* and *Habush, Habush, Davis &*

*Rottier, S.C.,* Milwaukee and *D. James Weis* and *Johnson, Weis, Paulson & Priebe, S.C.,* Rhinelander and argument by *D. James Weis.*

Amicus curiae brief was filed by *Stephen P. Juech, John P. Spector* and *Whyte Hirschboeck Dudek, S.C.,* Milwaukee for the Civil Trial Counsel of Wisconsin.

Amicus curiae brief was filed by *Noreen J. Parrett* and *LaFollette & Sinykin,* Madison for the Wisconsin Insurance Alliance.

SHIRLEY S. ABRAHAMSON, J.    This is a review of a published decision of the court of appeals, *Kuhn v. Allstate Ins. Co.,* 181 Wis. 2d 453, 510 N.W.2d 826 (Ct. App. 1993), upholding in part and reversing in part an amended summary judgment in favor of Linda Kuhn, the plaintiff, by the circuit court for Rusk county, Frederick A. Henderson, circuit judge. The issue presented is whether the reducing clause in the plaintiff's Allstate Insurance Company policy was valid, so that its underinsured motorist coverage could be reduced by payments made to the injured plaintiff policyholder by or on behalf of the underinsured tortfeasor. Both the circuit court and the court of appeals held that Allstate's reducing clause was invalid and unenforceable. We affirm the decision of the court of appeals. We conclude that in defining underinsured motorist coverage (UIM) as uninsured motorist coverage (UM), Allstate's policy removes the distinction between the two coverages and broadens the UM coverage. Allstate's obligations to its policyholder under UIM coverage are thus broadened to correspond to those of UM coverage. A reducing clause in UM coverage is invalid.[1]

---

[1] The plaintiff's motion to strike Allstate's reply brief is denied.

## I.

The facts in this case are not in dispute. Linda Kuhn, the plaintiff, was struck by a car driven by Catherine Schlewitz. The plaintiff suffered severe injuries and sustained damages exceeding $200,000. Schlewitz had a General Casualty Insurance Company liability policy with coverage in the amount of $25,000. General Casualty did not contest Schlewitz's liability for the collision and offered to pay the plaintiff $25,000. The offer to pay was not accepted. Allstate, as the plaintiff's underinsurance insurer, paid the $25,000 benefit to the plaintiff in order to preserve subrogation rights. *Vogt v. Schroeder,* 129 Wis. 2d 3, 383 N.W.2d 876 (1986). The plaintiff then turned to Allstate for coverage.

At the time of the collision, Allstate provided insurance coverage for the plaintiff's two vehicles. Separate premiums were charged for each vehicle's coverage. The table of contents in the original policy referred only to Uninsured Motorists Insurance (Coverage SS). An endorsement to the policy amended the definition of uninsured motorist to include an underinsured motorist.[2] A further document, labelled "IMPORTANT NOTICE," also defined uninsured motorists as underinsured motorists. Under a subheading which read "This is information concerning Uninsured Motorists Insurance," the notice stated:

> Coverage SS [uninsured motorists insurance] pays you and other persons insured by your policy, sub-

---

[2] The endorsement modifies the portion of the policy which begins "An uninsured auto is" by adding the following:

(5) An underinsured **motor vehicle** that has bodily injury liability protection in effect and applicable at the time of the accident, but less than the applicable limit of Uninsured Motorists Coverage shown on the declarations page.

ject to the terms and conditions of your policy, for bodily injury caused by legally liable **Uninsured Motorists,** who are:

* drivers with no liability insurance or liability bond,

. . .

*__Underinsured Motorists__ who are drivers with liability limits less than your coverage SS limits. This applies only if your Coverage SS limits are greater than the minimum limits required by law in Wisconsin.

The reducing clause appeared in the uninsured motorist section of the policy under the heading **"Limits of Liability."** The reducing clause provided, *inter alia,* as follows:

Damages payable will be reduced by:
    (1)   all amounts paid by the owner or operator of the uninsured vehicle or anyone else responsible. This includes all sums paid under the bodily injury liability coverage of this or any other auto policy.

The endorsement to the policy amended the uninsured *Limits of Liability* section, adding the following:

If the loss involves the use of an underinsured auto, the limit of this coverage will be reduced by all amounts paid by or on behalf of the owner or operator of the underinsured auto, including partial payments made by an insolvent insurer.

The plaintiff claimed at the circuit court and the court of appeals that she is entitled to recover both uninsured motorist (UM) and underinsured motorist

(UIM) benefits,[3] that the coverages for both automobiles should be stacked,[4] and that neither the UM nor the UIM coverage should be reduced by any payments made by or on behalf of the underinsured tortfeasor. The circuit court granted summary judgment in favor of the plaintiff, awarding her $204,000 (plus prejudgment interest). According to the circuit court, the plaintiff could stack (that is, aggregate) Allstate's UM coverage ($50,000 for each vehicle for a total of $100,000) and Allstate's UIM coverage ($50,000 for each vehicle for a total of $100,000); the plaintiff was also entitled to a medical payment of $2,000 for each vehicle. The circuit court concluded that the reducing clause of the policy was invalid because the plaintiff's damages exceeded recovery under the plaintiff's underinsured motorist coverage combined with the tortfeasor's liability policy.

The court of appeals reversed part of the order of the circuit court. In contrast to the circuit court, the court of appeals held that the insured had the benefit of either UM or UIM coverage for a single accident, but

---

[3] According to an affidavit of an Allstate officer, the plaintiff had uninsured motorist (UM) coverage listed as "SS Uninsured Motorists" with a benefit of $50,000 per person and $100,000 per accident and underinsured motorist (UIM) coverage listed as "SU Underinsured Motorists" with a benefit of $50,000 per person and $100,000 per accident.

The court of appeals concluded that no separate premium apart from the UM premium was paid for UIM coverage and that the policy provided a single UM or UIM coverage with a limit of $50,000 per person and $100,000 per accident. The issue of whether the policy provided both UM and UIM coverage is not before this court.

[4] "Stacking" occurs where an insured collects reimbursement for the same loss under multiple policies. *Tahtinen v. MSI Ins. Co.,* 122 Wis. 2d 158, 159 n.1, 361 N.W.2d 673 (1985).

not both. The court of appeals also reversed that part of the circuit court order allowing prejudgment interest and attorney fees. These issues are not before the court.

Because the plaintiff's policy covered two vehicles for which separate premiums were paid, the court of appeals affirmed that part of the circuit court order allowing stacking of the two $50,000 UIM coverages. This stacking issue is not before the court.

Like the circuit court, the court of appeals declared the policy's reducing clause invalid. The court of appeals, however, did not adopt the circuit court's reasoning. Rather, the court of appeals concluded that the reducing clause was invalid because it rendered the UIM coverage illusory. The court of appeals determined that the plaintiff should be awarded $104,000 ($50,000 UIM coverage on two vehicles for a total of $100,000, plus $4,000 for the medical payments under the two policies).[5]

The question presented in this case is the validity of the reducing clause of the Allstate policy. Allstate seeks to apply the reducing clause to reduce the $104,000 to which the plaintiff is entitled under the UM/UIM and medical provisions of the policy by the $25,000 payable under the tortfeasor's General Casualty liability policy.[6] The plaintiff presents three rationales supporting her claim that the reducing clause in this case is invalid. One argument is that the reducing clause would in effect be applied to UM cover-

_____

[5] Both the circuit court and court of appeals awards include $4,000 in stacked payments under the medical coverage of Kuhn's policy which is not at issue here.

[6] If the reducing clause is valid, the question is whether the tortfeasor's payment of $25,000 is reduced from each car's coverage or from only one car's coverage.

age and is therefore rendered invalid under the case law interpreting sec. 632.32(4)(a), Stats. 1991–92, governing uninsured motorist insurance. Alternatively the plaintiff asserts that the reducing clause added by the amendatory endorsement, when read with the reducing clause in the UM Limits of Liability section, should be interpreted so that the amount received from the tortfeasor's insurer is subtracted from the plaintiff's damages and not from Allstate's limits of coverage. Finally the plaintiff maintains that the reducing clause violates sec. 631.43(1), Stats. 1991–92, governing stacking.

## II.

The parties agree that the Allstate policy in issue includes both UM and UIM coverage. The parties further agree that this policy defines an underinsured motor vehicle as an uninsured motor vehicle.

The parties draw different conclusions, however, regarding the appropriate law to apply to these points of agreement. Allstate asserts that because the tortfeasor in this case has some liability insurance, this case involves UIM coverage and the law applicable to UIM coverage governs the plaintiff's claim. Allstate relies on the definition of UIM coverage (as distinguished from the definition of UM coverage) set forth in *Hemerley v. American Family Mut. Ins. Co.,* 127 Wis. 2d 304, 306–310, 379 N.W.2d 860 (Ct. App. 1985), and *Kuehn v. Safeco Ins. Co. of America,* 140 Wis. 2d 620, 626–628, 412 N.W.2d 126 (Ct. App. 1987).

The plaintiff contends that because the policy language defines UIM coverage as UM coverage, Allstate has broadened its UM coverage to include UIM coverage. Accordingly, the plaintiff asserts that Wisconsin law applicable to UM coverage applies to the UIM cov-

erage in this case. In other words, the plaintiff professes that the UIM coverage in her Allstate policy must be treated under the law as if it were UM coverage[7] and that under Wisconsin law governing UM coverage, the reducing clause is invalid. The reducing clause would be invalid under UM coverage because "the injured party must be entitled to the proceeds of uninsured motorist coverage free from any reductions contingent solely on the fact that a negligent uninsured motorist was a tortfeasor."[8]

The plaintiff's position that UM law governs when the policy defines UIM as UM is, as Allstate concedes, supported by Wisconsin case law. Allstate Reply Brief at 5. The court of appeals has held that when an insurer includes UIM coverage within the policy defini-

---

[7] The court of appeals decision in this case supports the plaintiff's position but does not rely on this reasoning to reach its result. *See Kuhn,* 181 Wis. 2d at 463 n.5.

[8] *Nicholson v. Home Ins. Companies, Inc.,* 137 Wis. 2d 581, 604, 405 N.W.2d 327 (1987). The *Nicholson* court read sec. 632.32(4)(a) governing uninsured motorist insurance as prohibiting UM coverage from being reduced by any payments made under the policyholder's liability coverage, because the insurer has an obligation to provide UM coverage as if the uninsured motorist was insured. In other words, the reduction clause would violate the legislative policy that UM coverage is to place the injured person in the same position as if the uninsured motorist had been insured. 137 Wis. 2d at 597–99, 604.

In *Nicholson,* the liability coverage was $50,000 and the UM coverage was $15,000. The injured party (a passenger in the insured's car) demanded $65,000; the insurer was willing to pay only $50,000. Had the tortfeasor been insured for $15,000, the injured party would have received $50,000 from the insurer and $15,000 from the tortfeasor. The reduction clause placed the injured party in a worse position than if the tortfeasor had been insured and was therefore invalid. 137 Wis. 2d at 604.

tion of UM coverage, a court should apply Wisconsin law concerning UM coverage to the UIM coverage. In *Sobieski v. Farmers Ins. Exchange,* 181 Wis. 2d 324, 330, 510 N.W.2d 796 (Ct. App. 1993), the court of appeals concluded that the "drive other car" exclusion, which is unenforceable in UM coverage situations, is also unenforceable in UIM coverage situations when the policy expressly defines UM coverage as including UIM coverage. Similarly, in *Allstate Ins. Co. v. Gifford,* 178 Wis. 2d 341, 347, 504 N.W.2d 370 (Ct. App. 1993), the court of appeals concluded that the tortfeasor was to be treated as an uninsured tortfeasor (not an underinsured tortfeasor) when the policy defined an uninsured vehicle to include an underinsured vehicle. In *Gifford,* the court held that the reducing clause was invalid as applied to the UIM (UM) coverage, stating that "[a] clause that reduces the limits of coverage-*liability* by amounts paid to the insured by the tortfeasor cannot logically apply to that tortfeasor . . .." 178 Wis. 2d at 351 (emphasis in original).[9]

The teachings of these cases may be summarized as follows: "[I]f the insurer broadens its definition of uninsurance beyond the 'traditional' definitions so as

---

[9] In *Allstate Ins. Co. v. Konicki,* 186 Wis. 2d 140, 147, 519 N.W.2d 723 (Ct. App. 1994) (petition for review pending), another case involving the same Allstate policy language as involved in *Gifford* and in this case, the issue was not the reducing clause but rather stacking UIM coverages on two vehicles. In *Konicki* the insured did not challenge the circuit court's deduction of a $50,000 payment on behalf of the tortfeasor from the uninsured/underinsured motorist coverage of the Allstate policy, and this issue was not before the court of appeals. The court of appeals concluded that the UIM coverages could be stacked and that the $50,000 reduction from the tortfeasor should not be doubled. *Konicki,* 186 Wis. 2d at 157.

to include underinsurance, then the [UIM] policyholder may have all the benefits under Wisconsin law that are provided in an 'uninsurance' situation." *Sobieski,* 181 Wis. 2d at 330.[10]

Allstate asks this court to overrule these cases. It contends that UM and UIM coverage are different by definition and by law; UM coverage is statutorily mandated in Wisconsin while UIM coverage is not. On the basis of the differences between the two types of insurance coverages, Allstate urges that the case law disallowing reducing clauses in UM coverage is not applicable to UIM coverage.

Interpretations of an insurance contract are controlled by general principles of contract construction. *Lambert v. Wrensch,* 135 Wis. 2d 105, 115, 399 N.W.2d 369 (1975). The language of an insurance policy should be interpreted to mean what a reasonable person in the position of the insured would have understood the words to mean. *Garriquenc v. Love,* 67 Wis. 2d 130, 134–135, 226 N.W.2d 414 (1975).

By defining UIM coverage as falling within the UM coverage, a reasonable insured would have understood Allstate to have broadened its definition of an uninsured motorist. The insurer should thus be held to the language of the policy, giving an insured covered by the UIM provision the benefit of protections afforded under UM coverage.

---

[10] Some courts in other jurisdictions have similarly held that when the policy defines the term "uninsured motor vehicle" to include a vehicle which is underinsured, the law governing UM coverage is applicable. *See, e.g., Grier v. Nationwide Mutual Ins. Co.,* 812 P.2d 347, 348–49 (Mont. 1991) (declaring reducing clause invalid as applied to UM coverage).

■
We conclude that we should follow precedent. Under the case law, Allstate is held to its characterization of UIM coverage as UM coverage; therefore Wisconsin law applicable to UM coverage applies to UIM coverage under this policy.

■
Applying law governing UM coverage to this case, we conclude that the reducing clause is invalid. As the court stated in *Nicholson v. Home Ins. Co.,* 137 Wis. 2d 581, 604, 405 N.W.2d 581 (1987), "the injured party must be entitled to the proceeds of uninsured motorist coverage free from any reductions contingent solely on the fact that a negligent uninsured motorist was a tortfeasor."

In a UM case, *United Fire & Cas. Co. v. Kleppe,* 174 Wis. 2d 637, 498 N.W.2d 226 (1993), the court concluded that a reducing clause cannot be used to reduce UM coverage to the victim when such a reduction could not have been used by the tortfeasor to reduce liability. In other words, the insured's UM coverage "essentially substitutes for insurance that the tortfeasor should have had." *Nicholson,* 137 Wis. 2d at 592.

In *Kleppe,* the injured person had $300,000 of UM coverage and also recovered worker's compensation benefits because her injury occurred on the job. The injured person's automobile policy provided that amounts payable for damages under UM coverage shall be reduced by all sums paid or payable under worker's compensation law. The insurer attempted to reduce the injured person's UM coverage by the benefits she received from her employer's worker's compensation carrier. Relying on *Nicholson v. Home Ins. Cos.,* 137 Wis. 2d 581, 405 N.W.2d 327 (1987), and sec. 632.32 (4)(a), Stats. 1991–92, the court held that

amounts payable to the injured person under her UM policy should not be reduced by payments she received from the worker's compensation carrier because, had the tortfeasor been insured, the tortfeasor could not have reduced his liability by the worker's compensation benefits. The *Kleppe* court explained its holding, stating that "in order to truly put [the injured party] in the position that she would have been if the uninsured motorist had been insured, the reducing clause cannot be used." *Kleppe,* 174 Wis. 2d at 643.

The reducing clause Allstate seeks to apply in this case reduces any payment to the plaintiff by all amounts paid by or on behalf of the owner or operator of the underinsured auto. By defining the UIM coverage in this case as UM coverage, Allstate's obligation to the plaintiff, its insured, is to put her in the position she would have been in had the underinsured (uninsured) tortfeasor had two liability coverages. Recasting Allstate's UIM (UM) coverage as one of the tortfeasor's liability coverages would mean that the tortfeasor had one liability coverage equal to $50,000 (Allstate's UIM (UM) coverage) and her own liability coverage of $25,000. If the reducing clause applied, the tortfeasor could subtract one liability coverage from the other. As the court of appeals stated in *Gifford,* 178 Wis. 2d at 351, this type of reduction "fails the *Kleppe* test." Applying *Kleppe* and *Gifford,* we conclude that the reduction clause is invalid in this case.

For the reasons set forth, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

STEINMETZ, J. *(dissenting)*. Contrary to the conclusion reached by the majority, op. at 61, I believe that a reasonable insured who actually read the policy at issue would have understood that in the event of an accident caused by an underinsured motorist, the insured's coverage would be "reduced by all amounts paid by or on behalf of the owner or operator of the underinsured auto." This is the express language of the policy. A reasonable insured would not conclude that the reducing clause, which speaks directly to accidents involving underinsured motorists, would be invalid simply because the policy does not separately define UM coverage and UIM coverage. As the court of appeals stated:

> The policy plainly means to provide alternate coverage. It would be entirely unreasonable for an insured to read the policy to provide that the other driver's vehicle, covered by $25,000 of liability insurance, is somehow both uninsured and underinsured. We conclude that a reasonable person in the position of the insured would read the policy as a statement of alternatives. Kuhn is therefore covered only once under the UM/UIM provisions of the policy.

*Kuhn v. Allstate Ins. Co.,* 181 Wis. 2d 453, 462, 510 N.W.2d 826 (Ct. App. 1993).

UM coverage applies when the tortfeasor has *no* liability insurance. *See Hemerley v. American Fam. Mut. Ins. Co.,* 127 Wis. 2d 304, 308, 379 N.W.2d 860 (Ct. App 1985). In sharp contrast, UIM coverage applies when the tortfeasor has some liability insurance, but not enough to cover the plaintiff's damages. *See, e.g., Kuehn v. Safeco Ins. Co. of America,* 140 Wis. 2d 620, 628, 412 N.W.2d 126 (Ct. App. 1987). The

63

tortfeasor in this case, who has $25,000 of liability insurance, is unquestionably an UIM. Therefore, she should be treated as an UIM, not as an UM.

UIM coverage and UM coverage serve different purposes and protect against different risks. Accordingly, they should be treated differently. The majority blurs the distinction between the two types of coverage by applying the law relating to UM coverage to the UIM coverage under Allstate's policy. As a result, Wisconsin insurers will face substantially increased UIM coverage losses, and Wisconsin policyholders will face substantially increased premiums.

In an effort to provide coverage for plaintiffs, this area of the law has been stretched so far that I doubt any insurance company, no less an ordinary insured, can have an accurate expectation of the extent of UIM coverage provided under a particular policy. We should give effect to the language in a policy, not to theories developed by lawyers and courts to enable the plaintiff the greatest recovery possible. I urge the legislature to clarify the insurance law of this state pertaining to stacking and reducing clauses.

For these reasons, I dissent.