James L. HOULIHAN and Kathleen A. Houlihan, Plaintiffs-Appellants,†

v.

ABC INSURANCE COMPANY, DEF Insurance Company and SQUARE D Company, Defendants,

TRANSPORTATION INSURANCE COMPANY, Defendant-Respondent,

BRILLION IRON WORKS, INC. , The Home Insurance Company of Wisconsin and International Insurance Company, Defendants-Third Party Plaintiffs,

SUPERIOR ELECTRIC COMPANY and Transcontinental Insurance Company, Third Party Defendants. [Case No. 95-0662]

TRANSPORTATION INSURANCE COMPANY, INC., Plaintiff,

Walter GOY, Donelda Goy and James Hall, Plaintiffs-Appellants,†

v.

SQUARE D COMPANY, a foreign corporation, and SQD Insurance Company, Defendants,

BRILLION IRON WORKS, INC. , The Home Insurance Company of Wisconsin and International Insurance Company, Defendants-Third Party Plaintiffs,

SUPERIOR ELECTRIC COMPANY, Third Party Defendant,

†Petition to review denied.

TRANSPORTATION INSURANCE COMPANY, INC., Third Party
Defendant-Respondent. [Case No. 95-0686]

Court of Appeals

*Nos. 95–0662, 95–0686. Submitted on briefs September 1,
1995.—Decided November 14, 1995.*

(Also reported in 542 N.W.2d 178.)

137

On behalf of the plaintiffs-appellants, Walter Goy and Donelda Goy, the cause was submitted on the brief of *David M. Skoglind* of *Warshafsky, Rotter, Tarnoff, Reinhardt & Bloch, S.C.* of Milwaukee.

On behalf of the plaintiffs-appellants, James L. Houlihan and Kathleen A. Houlihan, the cause was submitted on the brief of *Patrick O. Dunphy* of *Cannon & Dunphy, S.C.* of Brookfield.

On behalf of the plaintiffs-appellants, Walter Goy, Donelda Goy, James L. Houlihan and Kathleen A. Houlihan, the cause was submitted on the joint reply brief of *David M. Skoglind* of *Warshafsky, Rotter, Tarnoff, Reinhardt & Bloch, S.C.* and *Patrick O. Dunphy* of *Cannon & Dunphy, S.C.*

On behalf of the defendant-respondent, Transportation Insurance Company, the cause was submitted on the brief of *David M. Victor* of *Law Offices of Mark H. Miller* of Brookfield.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. The appellants appeal a circuit court order directing them to pay Transportation Insurance Company a distributive share of their settlement proceeds, pursuant to § 102.29(1), STATS. Because we conclude that under § 102.29(1) Transportation is entitled to reimbursement for worker's compensation payments it made to the appellants, we affirm the circuit court's order.

In July 1990, James Houlihan and Walter Goy suffered severe burn injuries in an industrial accident at Brillion Iron Works, Inc. At the time of the accident,

Houlihan and Goy were employed by Superior Electric Company. Pursuant to ch. 102, STATS., Houlihan and Goy received worker's compensation payments to date of over $566,000 and $1,084,000, respectively, from Superior's worker's compensation insurer, Transportation.

Appellants Houlihan and his wife, Kathleen, and Goy and his wife, Donelda, sued Brillion and Square D Company,[1] and their respective insurers, alleging negligence on their part. The appellants acknowledged that they could not sue Superior because of the immunity granted to their employer by § 102.03, STATS. The Houlihans' and the Goys' actions were consolidated.

Brillion commenced a third-party action against Superior and its liability carrier, Transcontinental Insurance Company. Brillion's complaint alleged that Superior negligently trained Houlihan and Goy and further alleged that Goy's negligent use of a ruler caused the electrical arc that injured Houlihan. The basis for Brillion's third-party claim against Superior was an indemnification provision within a contract that Superior had entered into with Brillion for the job Houlihan and Goy performed at Brillion.[2] The provision stated:

---

[1] According to an indemnification agreement in the record, the appellants alleged that Houlihan and Goy were injured while allegedly engaged in the examination of certain equipment designed, manufactured, assembled and/or sold by Square D Company or its subsidiary.

[2] In general, a third-party tortfeasor has no remedy against an employer because ch. 102, STATS., makes the payment of worker's compensation the employer's exclusive liability for work-related injuries. *Mulder v. Acme-Cleveland Corp.*, 95 Wis. 2d 173, 177-78, 290 N.W.2d 276, 278 (1980). Thus, where a negligent third party is held liable to an injured worker, it

The Contractor [Superior] shall assume entire responsibility and liability and hereby agree to indemnify and hold Brillion Iron Works, Inc. harmless from any and all damage or injury of any kind or nature whatsoever (including but without limitation to personal injury and death) to all property and persons, whether employees of the Contractor or otherwise, caused by, resulting from, arising out of, or occurring in connection with the work to be performed under this contract.

The contractor will carry, at his own expense, a minimum of one million dollars ($1,000,000.00) liability insurance.

The appellants, Brillion, Square D, Superior and Transcontinental engaged in settlement negotiations. In July and September 1994, the Houlihans and the Goys each signed an indemnification agreement with Superior and Transcontinental, agreeing to assume Superior's obligations under its indemnification agreement with Brillion. In consideration for the indemnification agreements, Superior and Transcontinental paid the Houlihans $1.1 million and the Goys $687,500.

Settlement negotiations with Brillion and Square D continued. The parties eventually reached an agreement whereby Brillion would pay the Houlihans $500,000 and the Goys $225,000. Square D agreed to pay the Houlihans $197,500 and the Goys $195,000. In

---

cannot require contribution from an employer even if the employer was substantially more at fault than the third party. *Id.* However, our supreme court has recognized that the employer can forego its statutory limitation of liability to third persons by an express contract for indemnification. *Young v. Anaconda Am. Brass Co.*, 43 Wis. 2d 36, 53-54, 168 N.W.2d 112, 122 (1969).

October 1994, the Houlihans and the Goys petitioned the circuit court pursuant to § 102.29, STATS., for approval of the distribution of the proceeds of settlements reached with Brillion, Square D, Superior and their insurers.

Both the Houlihans and the Goys specifically asked the circuit court to determine that the settlements from Superior and its insurer, Transcontinental, were not subject to allocation under § 102.29(1), STATS. The circuit court denied their request and on motion for reconsideration, affirmed its determination that Transportation was entitled to reimbursement under § 102.29(1).

The issue on appeal is whether a worker's compensation insurer is entitled to reimbursement under § 102.29(1), STATS., from an employee's settlement with his or her employer where the employer's basis for liability was an indemnification agreement with a third-party tortfeasor. Because we conclude that the insurer is entitled to reimbursement pursuant to § 102.29(1), we affirm the circuit court's order.

Whether Transportation is entitled to share in the settlement proceeds Houlihan and Goy received from Transcontinental on behalf of its insured, Superior, involves the construction of § 102.29(1), STATS. The interpretation of a statute is a question of law that appellate courts review without deference to the circuit court. *Johnson v. ABC Ins. Co.*, 193 Wis. 2d 35, 43, 532 N.W.2d 130, 132-33 (1995).

Section 102.29, STATS., governs third-party liability in the area of worker's compensation. It provides in relevant part:

> (1) The making of a claim for compensation against an employer or compensation insurer for

the injury or death of an employe shall not affect the right of the employe, the employe's personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a 3rd party; nor shall the making of a claim by any such person against a 3rd party for damages by reason of an injury to which ss. 102.03 to 102.64 are applicable, or the adjustment of any such claim, affect the right of the injured employe or the employe's dependents to recover compensation. The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall have the same right to make claim or maintain an action *in tort* against any other party for such injury or death. (Emphasis added.)

Our supreme court has concluded that in order for § 102.29(1), STATS., to apply, a three-element test must be met. *Johnson*, 193 Wis. 2d at 45, 532 N.W.2d at 133. In *Johnson*, the court summarized the elements of the test it had first established in *Kottka v. PPG Indus., Inc.*, 130 Wis. 2d 499, 388 N.W.2d 160 (1986):

> First, the action must be one grounded "in tort." *Berna-Mork v. Jones*, 174 Wis. 2d 645, 651, 498 N.W.2d 221 (1993). Second, the action must be one for the employee's injury or death. Third, the injury or death must be one for which the employer or its insurer has or may have liability.

*Johnson*, 193 Wis. 2d at 45, 532 N.W.2d at 133. We must apply the *Kottka* test to the instant case to determine whether Transportation is entitled to reimbursement under § 102.29(1).

First, the action must be one grounded in tort. *Johnson*, 193 Wis. 2d at 45, 532 N.W.2d at 133. Appellants argue that their settlement with Superior was based on contract, rather than tort, so the settlement proceeds are not subject to Transportation's right to reimbursement under § 102.29(1), STATS. The Goys explain:

> Superior Electric's involvement in this case is based on the contract between it and Brillion. In settling with Superior Electric, among other things, the Goys assumed Superior Electric's liability under its contract with Brillion. Moreover, the settlement between the Goys and Superior Electric is based on a contractual agreement. (Record cites omitted.)

The Goys also note that as a matter of law, they had no claim based in tort against Superior, because § 102.03(2), provides Superior with immunity from torts arising out of the employer-employee relationship.

The Houlihans argue that Superior and Transportation paid the appellants pursuant to a contract, and that under *Berna-Mork v. Jones*, 174 Wis. 2d 645, 498 N.W.2d 221 (1993), contractual payments recovered by a worker arising out of a work-related injury are not subject to § 102.29(1), STATS. They also argue that § 102.29(1) limits its application to claims against third parties, which would not include proceeds recovered from the employee's employer. The Houlihans state: "The fact that the worker's right of recovery, or in this case the employer's exposure, is based on a finding of negligence does not turn the employer into a 'third party', nor convert the action into a tort action."

143

■ In contrast, Transportation argues that the indemnification agreement was a matter strictly between Superior and Brillion and therefore the fact that Superior and its insurer, rather than Brillion, paid part of the settlement did not change the nature of the underlying case from a tort action to a contract action. We agree with Transportation. While it is true that Superior's liability arose from a contract with Brillion, the appellants' action against Brillion was in tort; they sued Brillion and Square D alleging negligence on their part. We agree with Transportation's assessment of the case:

> The Goys and Houlihans did not sue anyone in contract. They commenced an action in tort against Brillion, seeking recovery for damages arising from a job-related incident. It does not matter who actually ended up paying the Goys/Houlihans for such damages. All that matters is that the money was paid to settle their third-party tort claims, and that the money came from parties with a legal obligation to make such payments.

We also agree with Transportation that *Berna-Mork* can be distinguished from the instant case. In *Berna-Mork*, employee Jennifer Berna-Mork was injured while riding in a car her co-employee Jane Jones was driving. *Id.* at 649, 498 N.W.2d at 222. Berna-Mork's injuries occurred when Jones's car was rear-ended by a car driven by Keith Plasky, an uninsured motorist. *Id.* Berna-Mork received worker's compensation payments from Lumberman's Mutual Casualty Company for her injuries. *Id.* at 649, 498 N.W.2d at 223. Berna-Mork also brought a third-party tort action against Plasky, Jones and Jones's liability

and uninsured motorist carrier, West Bend Mutual Insurance Company. *Id.* Lumberman's commenced an action against West Bend to participate in the third-party action and alleged that it was entitled to reimbursement under § 102.29(1), STATS., from West Bend's uninsured motorist coverage. *Berna-Mork,* 174 Wis. 2d at 649, 498 N.W.2d at 223.

Our supreme court held that Lumbermen's was not entitled to reimbursement because Berna-Mork's right to uninsured motorist coverage was contractual. *Id.* at 651, 498 N.W.2d at 223. Although the *Berna-Mork* decision does not contain the language of Jones's uninsured motorist policy, we must assume, based on the decision, that Berna-Mork was covered as a passenger under Jones's uninsured motorist policy. Thus, although Berna-Mork originally sued in tort, her claim for uninsured motorist benefits was based on contract, not tort, and therefore Lumberman's had no right to reimbursement under § 102.29(1), STATS. *Berna-Mork,* 174 Wis. 2d at 651, 498 N.W.2d at 223.

Here, the appellants had no claim in contract against Superior and, in fact, did not sue Superior. Instead, they sued Brillion alleging that it was negligent. While Brillion in turn sued Superior on the basis of its indemnification contract with Superior, this fact does not alter the nature of the appellants' original tort actions against Brillion.

As a result of its indemnification agreement, Superior, unlike the uninsured motorist insurer in Berna-Mork, agreed to step into the shoes of the wrongdoer, Brillion. *See id.* at 652, 498 N.W.2d at 224 (uninsured motorist insurer is not a wrongdoer). In effect, Superior acted like a liability insurer for Brillion because it contracted to assume some or all of Brillion's tort

obligation to the appellants.[3] Just as liability insurers agree by contract to step into the shoes of their insureds, the tortfeasors, Superior agreed by contract to step into the shoes of Brillion, the tortfeasor. In liability insurance cases, the fact that the insurer's obligation to pay a plaintiff is based on a contract with its insured does not negate the fact that the underlying liability rests in tort. In such cases, when the liability insurer pays an injured employee for the insured's negligence, the worker's compensation carrier who compensated the employee is entitled to reimbursement from those funds under § 102.29(1), STATS. Similarly, where Superior paid the appellants because it had assumed some or all of Brillion's tort obligations, Transportation is entitled to reimbursement under § 102.29(1).

Finally, we reject the appellants' argument that the application of § 102.29(1), STATS., is limited to tort claims made by the employee, employer or compensation insurer *against third parties*, and, therefore, because Superior as the appellants' employer is not a third party, § 102.29(1) cannot apply. We begin with the proposition that an employer's liability to its injured employee is limited to the liability imposed by the Worker's Compensation Act. *Young v. Anaconda Am. Brass Co.*, 43 Wis. 2d 36, 53-54, 168 N.W.2d 112,

---

[3] We use the phrase "some or all" in reference to Superior's obligations under its indemnification agreement with Brillion because this court has not determined whether the agreement requires Superior to indemnify Brillion solely for Superior's own negligence, or also for Brillion's negligence. We will not interpret the agreement because the parties have not raised the issue and because our decision would be the same under either interpretation.

122 (1969). Our supreme court has recognized that the employer can forego this statutory limitation of liability to third persons by an express contract. *Id.* In this case, Superior had an express contract with Brillion. Therefore, Superior extended its liability beyond the limits of the Act and may be liable, as an indemnitor for Brillion, to pay damages in addition to the worker's compensation Superior paid for Houlihan's and Goy's injuries.

In effect, when Superior signed the indemnification agreement, it agreed to wear two hats: one as employer and one as indemnitor. It was Superior acting as indemnitor, not as employer, that made payments to the appellants through Transcontinental. Therefore, these funds are subject to distribution under § 102.29(1), STATS., because they are derived from a third-party action against Brillion that is grounded in tort. This conclusion is not altered by the fact that Superior, the indemnitor, which Brillion joined as a third party, was also the appellants' employer.

Because we conclude that the appellants' action was grounded in tort, and that payments made by an employer acting as an indemnitor to a third party do not make § 102.29(1), STATS., inapplicable, we conclude that the first element of the *Kottka* test for determining whether § 102.29(1) distribution is appropriate has been met.

The second element of the *Kottka* test requires that the action be one for the employee's injury or death. *Johnson*, 193 Wis. 2d at 45, 532 N.W.2d at 133. Section 102.01(2)(c), STATS., defines injury, for the purposes of ch. 102, as "mental or physical harm to an employe caused by accident or disease . . . ." There is no

dispute that the injuries Houlihan and Goy suffered were the type of injury contemplated by § 102.29, STATS., and therefore this element of the test is satisfied. *But cf. Smith v. Long*, 178 Wis. 2d 797, 804, 505 N.W.2d 429, 432 (Ct. App. 1993) (injury employee suffered as a result of attorney's malpractice was not the type of injury contemplated by § 102.29).

The third element of the *Kottka* test is that the injury or death must be one for which the employer or its insurer has or may have liability. *Johnson,* 193 Wis. 2d at 45, 532 N.W.2d at 133. Because Superior and Transportation were liable for worker's compensation and in fact paid the appellants this compensation, this element is satisfied. *See id.* at 47-48, 532 N.W.2d at 134 (where worker's compensation insurer paid a death benefit based upon employee's wages and the statutory formula in § 102.46, STATS., it had the requisite liability for the employee's death to qualify for reimbursement under § 102.29(1), STATS.).

Because the three elements of the *Kottka* test have been established, we conclude that distribution under § 102.29(1), STATS., is required. Therefore, we affirm the circuit court's order directing that Transportation receive reimbursement as outlined in § 102.29(1).

*By the Court.*—Order affirmed.