CHASE, Special Administrator, Appellant, vs. AMERICAN
CARTAGE COMPANY, INC., Respondent.

*January 11—February 7, 1922.*

*Courts: Decision of court of last resort: Obiter: Judicial dictum:
Decision of germane questions: Law of the case: Appeal:
Change in judicial rule: Effect on pending cases: Automobiles: Imputed negligence.*

1. The binding force of a decision is co-extensive with the facts
   upon which it is founded; but when a court of last resort
   takes. up a co-related subject matter stating that it intends
   to decide it, and does so, such decision is not mere *obiter dictum,* but is at least a judicial *dictum.*
2. Where this court was asked to extend a rule of law laid down
   in a previous decision of the court, the court's statement that
   it would not only not extend the rule, but would not thereafter recognize it as a valid or just rule, is not mere *obiter
   dictum.*
3. Where there are two grounds upon either of which the judgment of the trial court can be rested and the appellate court
   sustains both, neither is *obiter,* but each is the judgment of
   the court and of equal validity with the other.
4. When a court of last resort intentionally takes up, discusses,
   and decides a question germane to, though not necessarily
   decisive of, the controversy, such decision is not a *dictum,*
   but is a judicial act of the court which it will thereafter recognize as a binding decision.
5. The judgment of the trial court, though in accord with the
   rule of imputed negligence as previously stated by this court,
   did not establish the law of the case so as to preclude this
   court on appeal from deciding the case in accordance with
   a contradictory rule of law adopted subsequent to the rendition of the judgment.
6. A lawful change in a judicial rule, not amounting to a rule
   of property or its equivalent, by a court of last resort, becomes effective at once, and thereafter upon subsequent appeals operates alike upon acts coming within it whether occurring before or after its announcement.
7. In an action for the death of an automobile passenger in
   which the trial court set aside a verdict for plaintiff and
   rendered judgment for defendant on the theory that the
   negligence of the driver should be imputed to the passenger,
   this court, in reversing the judgment, will not remand the
   case for a new trial as against the defendant's contention that

questions as to the passenger's contributory negligence and as to whether her death was proximately caused by the accident were not as fully tried as they should have been, but will direct the lower court to enter judgment for the amount of the verdict, since such question should have been fully litigated at the time of trial.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Reversed.*

Action for damages resulting from death caused by an automobile collision which occurred March 8, 1920. The jury found defendant negligent; that its negligence was the proximate cause of the death of the deceased; damages in the sum of $3,390, and also that the driver of the deceased was guilty of negligence proximately contributing to produce her death. Upon such special verdict the trial court on December 20, 1920, entered judgment for the defendant dismissing the action upon the merits, with costs. The plaintiff appealed.

For the appellant there were briefs by *Cannon, Bancroft & Waldron* of Milwaukee, attorneys, and *M. L. Lueck* of Beaver Dam, of counsel, and oral argument by *Mr. Lueck.*

*Dale C. Shockley,* attorney, and *Edgar P. Ettenheim,* of counsel, both of Milwaukee, for the respondent.

VINJE, J. The only question presented by the appeal is whether the rule that the negligence of a driver would not be imputed to a mere gratuitous passenger stated in *Reiter v. Grober,* 173 Wis. 493, 181 N. W. 739 (decided March 8, 1921), should be applied. Counsel for defendant claim it should not be because the announcement of the change of rule made in *Reiter v. Grober* was *obiter dictum* and cannot be relied upon as a binding decision; that the judgment when entered by the circuit court was correct; that it became the law of the case, and that it would be unjust to change it now. They have subdivided their argu-

ment into many more propositions, but the above statement we think fairly presents their substantial claims.

It is true that it was not necessary in order to decide the issue in *Reiter v. Grober* to go as far as to reverse the case of *Prideaux v. Mineral Point,* 43 Wis. 513, and it was so stated. While it is a rule of general application that the binding force of a decision is co-extensive with the facts upon which it is founded, it is nevertheless also true that when a court of last resort takes up a co-related subject matter stating that it intends to decide it, and does so, such decision is not a mere *obiter dictum.* It is at least a judicial *dictum. Buchner v. C., M. & N. W. R. Co.* 60 Wis. 264, 19 N. W. 56. In *Reiter v. Grober* we were asked to apply the rule of *Prideaux v. Mineral Point* and to extend it to include the situation then presented. The court therefore had up for consideration the validity of the rule in *Prideaux v. Mineral Point* as well as its extension, for when a rule of law is applied the court must assume its validity even if it does not expressly state it. So when we were asked to take the rule in *Prideaux v. Mineral Point* and extend it, we were asked to recognize or continue the rule and extend it to the situation before us. In answer we said, we will not only not extend the rule but we will not hereafter recognize it as a valid or just rule. True, we could have said we will not extend it, and that would have decided *Reiter v. Grober.* But having the rule before us as we did for recognition and extension, we deemed it an opportune time to say that we would neither recognize nor extend the rule.

That a subject matter so considered is more than a mere *obiter dictum,* see cases cited in *Hall v. Madison,* 128 Wis. 132, 145, 107 N. W. 31. That they appear in a dissenting opinion does not militate against their worth upon the point now under consideration. The federal supreme court states the rule thus:

"Where there are two grounds upon either of which the judgment of the trial court can be rested, and the appellate

court sustains both, the ruling on neither is *obiter*, but each is the judgment of the court and of equal validity with the other." *Union Pac. R. Co. v. Mason City & Ft. D. R. Co.* 199 U. S. 160, 166, 26 Sup. Ct. 19.

In *Reiter v. Grober* the case could have been disposed of as it was either by overruling the doctrine as to imputed negligence or by refusing to extend it. We said we not only refused to extend the doctrine but that we expressly overruled it. We decided it on two grounds, either of which effectively affirmed the judgment below. A further statement in the federal case above cited is here applicable to the effect that "Whenever a question fairly arises in the course of a trial, and there is a distinct decision of that question, the ruling of the court in respect thereto can, in no just sense, be called a mere *dictum.*" Id. 166. See, also, *Florida Cent. R. Co. v. Schuette,* 103 U. S. 118. Thus it frequently happens that a negligence case, for instance, may have to be reversed because the trial court erred in refusing to submit the question of contributory negligence to the jury. All that is absolutely necessary to fully dispose of the appeal is to so decide. But there may also be presented questions of pleadings, of evidence, of instructions to the jury, of whether defendant was guilty of gross negligence, etc. These the court will consider and decide for the future guidance of the trial court in that case upon a retrial, and for trial courts generally. It has never been considered that the points so decided are *obiter dicta* because not essential to a decision of the case in which they are decided. It is deemed the doctrine of the cases is that when a court of last resort intentionally takes up, discusses, and decides a question germane to, though not necessarily decisive of, the controversy, such decision is not a *dictum* but is a judicial act of the court which it will thereafter recognize as a binding decision.

In the present case this question is not so vital because the court has heretofore in another case than that of *Reiter*

*v. Grober* overruled the doctrine of *Prideaux v. Mineral Point* in so far as the present question is concerned. This was done in *Brubaker v. Iowa Co.* 174 Wis. 574, 183 N. W. 690, in which it was held that the contributory negligence of the husband was not imputable to his wife who rode with him when she was injured because of a defective highway.

Does the fact that when an appealable judgment is entered by a trial court it is in accord with the then law make it the law of the case? If it does, then this court cannot apply to it the rule of law it has twice announced within a year. As stated in *Reiter v. Grober,* the rule of imputed negligence was not a rule of property in which any one had a vested right, but was a pure rule of judicial construction in negligence cases, and that no one could say he relied upon it, because such reliance would stamp him a wrong-doer— convict him of wilful negligence. It was therefore held that the court could change the rule, and such change became applicable to all future cases coming before it unless the law of the case had been otherwise declared by this court as in *John v. Pierce, ante,* p. 220, 186 N. W. 600. The judgment of a trial court that is appealed from cannot establish the law of the case. That must be established by this court in the decision upon the appeal. A lawful change in a judicial rule not amounting to a rule of property or its equivalent, by a court of last resort, becomes effective at once, and thereafter, upon subsequent appeals, operates alike upon acts coming within it whether occurring before or after its announcement. *Kneeland v. Milwaukee,* 15 Wis. 454; *Mason v. A. E. Nelson C. Co.* 148 N. C. 492, 62 S. E. 625, 18 L. R. A. N. s. 1221 and note; 7 Ruling Case Law, 1010; 26 Am. & Eng. Ency. of Law, 179.

Defendant asks that in the event the judgment is not affirmed a new trial be granted, because it is claimed the questions of the contributory negligence of the deceased and whether her death was proximately caused by the accident were not as fully tried as they should have been. The

contributory negligence of the deceased, if established, would have been a complete bar to the cause of action. Presumably it was not litigated because none was conceived to exist. She was a mere passenger in the automobile driven by her host, Johanna Glaeser. The jury found that the death of the deceased was proximately due to the accident. If this had been disproven it would have been a bar to the bulk of the damages found and should have been fully litigated as well as plaintiff's contributory negligence. Cases cannot be tried piecemeal.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff for $3,390 with interest and costs.