Judith STOLPER, Personally and as Special Adminis-
trator of the Estate of Kenneth J. Stolper, Plaintiffs-
Appellants,†

v.

OWENS-CORNING FIBERGLAS CORPORATION, Owens-Illi-
nois, Inc., Keene Corporation, Fibreboard
Corporation, Pittsburgh-Corning Corporation, Arm-
strong World Industries, Inc., GAF Corporation and
Rock Wool Manufacturing Company, Defendants,

EMPLOYERS INSURANCE OF WAUSAU, a mutual company,
Defendant-Respondent,

OWENS-CORNING FIBERGLAS CORPORATION, Defendant-
Third Party Plaintiff,

v.

COMBUSTION ENGINEERING, INC., Flintkote Corporation
and Grant Wilson, Inc., Third Party Defendants.

Court of Appeals

*No. 92–2710. Submitted on briefs July 14, 1993.—Decided
August 10, 1993.*

(Also reported in 505 N.W.2d 157.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Thomas J. Flanagan* and *Hope K. Olson* of *Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C.*, of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the briefs of *Peter L. Topczewski* of *Law Offices of Schuch and Stilp* of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

FINE, J.   The issue presented by this appeal is whether a worker's compensation carrier is entitled to allocation, under section 102.29(1), Stats., of money recovered in a wrongful-death action brought on behalf of the deceased worker to whom it made worker's compensation payments. We conclude that allocation is mandated by statute.

## I.

Kenneth J. Stolper, an insulation worker, died in 1988 as the result of an asbestos-exposure illness.[1] Employers Insurance of Wausau, the worker's compensation carrier for Stolper's employer, paid Stolper's disability and death benefits, as well as his medical, hospital, and funeral expenses. Prior to his death, Stolper started a third-party action against manufacturers and suppliers of the asbestos that allegedly caused his disease. His wife, Judith Stolper, asserted a claim in that action for loss of consortium. Following Mr. Stolper's death, Mrs. Stolper added a wrongful-death claim pursuant to sections 895.03 and 895.04, Stats.[2]

---

[1] Mr. Stolper died intestate.

[2] Section 895.03, Stats., provides:

■

After settlement of the third-party action, the trial court concluded that the settlement proceeds available for distribution from the wrongful death claim were subject to allocation under section 102.29(1), Stats.[3] Our review is *de novo. See Kottka v. PPG Industries,*

**Recovery for death by wrongful act.** Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured; provided, that such action shall be brought for a death caused in this state.

Section 895.04, Stats., provides, as material here:

**Plaintiff in wrongful death action.** (1) An action for wrongful death may be brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs.

. . . .

(4) Judgment for damages for pecuniary injury from wrongful death may be awarded to any person entitled to bring a wrongful death action. Additional damages not to exceed $150,000 for loss of society and companionship may be awarded to the spouse, children or parents of the deceased.

The amended complaint sought damages for Mr. Stolper's wrongful death and personal injuries in the name of Mrs. Stolper as "duly appointed special administrator" of Mr. Stolper's estate. *See* section 895.01, Stats. (personal-injury actions survive).

[3] The parties agreed that the value of Mrs. Stolper's pre- and post-death loss-of-consortium claims were not subject to allocation. *See Kottka v. PPG Industries, Inc.*, 130 Wis. 2d 499, 521, 388 N.W.2d 160, 170 (1986) (spouse's claim for loss of consortium is not subject to allocation under section 102.29(1), Stats.).

*Inc.*, 130 Wis. 2d 499, 505, 388 N.W.2d 160, 163 (1986). We affirm.

## II.

Section 102.29(1), Stats., provides, as material to this appeal:

> The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe [*sic*] shall not affect the right of the employe [*sic*], the employe's [*sic*] personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a 3rd party .... [T]he proceeds of such claim shall be divided as follows: After deducting the reasonable cost of collection, one-third of the remainder shall in any event be paid to the injured employe [*sic*] or the employe's [*sic*] personal representative or other person entitled to bring action. Out of the balance remaining, the employer, insurance carrier or, if applicable, uninsured employers fund shall be reimbursed for all payments made by it, or which it may be obligated to make in the future, under this chapter .... Any balance remaining shall be paid to the employe [*sic*] or the employe's [*sic*] personal representative or other person entitled to bring action. ... A settlement of any 3rd party claim shall be void unless said settlement and the distribution of the proceeds thereof is approved by the court before whom the action is pending and if no action is pending, then by a court of record or by the department.

The statute unambiguously preserves the right to pursue tort claims against any person or entity who is not either the employee's employer or the employer's com-

pensation insurer. It permits these third-party tort claims to be maintained by "the employe [*sic*], the employe's [*sic*] personal representative, or other person entitled to bring action." The issue of whether the available settlement proceeds from Stolper's wrongful death action are subject to allocation under section 102.29(1) turns on whether "3rd party claim" includes an action for wrongful-death authorized by section 895.04(1) & (4), Stats. The trial court, in a well-reasoned oral decision, concluded that it does. We agree.

Although this is a matter of first impression in Wisconsin, the clear language of the statute and prior case law govern our decision. Section 102.29(1), Stats., encompasses wrongful-death actions by permitting third-party claims "for . . . the death" of a covered employee. As the trial court correctly noted, wrongful-death actions are purely a matter of legislative grace. *See Weiss v. Regent Properties, Ltd.*, 118 Wis. 2d 225, 230, 346 N.W.2d 766, 768 (1984). Thus, the legislature may establish not only who may maintain such an action, *ibid.*, but may also set limits on any ultimate recovery, *see Austin v. Ford Motor Co.*, 86 Wis. 2d 628, 646–647, 273 N.W.2d 233, 241 (1979) (Defense counsel's argument to jury that plaintiff should recover an amount that was, unbeknownst to the jury, more than that allowed by the wrongful-death statute did not, and could not, waive statutory limit.). It may also establish a formula by which monies paid on behalf of an injured or deceased employee are to be recovered. *See Employers Mut. Liability Ins. Co. v. Mueller*, 273 Wis. 616, 620, 79 N.W.2d 246, 249 (1956).

In *Mueller*, the court decided that a compensation carrier's recovery against a third-party tortfeasor for monies the carrier paid on behalf of the injured

employee was not offset by the employee's contributory negligence.

> Since the present cause of action [permitting the carrier to recover against the third-party tortfeasor] is created by statute, the answer to the question before us should be looked for in the statute itself. We observe there that the right of action is "for reimbursement for any sum so paid into the state treasury." There is no hint, much less a direction, that any other sum is to be sued for or recovered and none that because the deceased or his representatives in their action against the tort-feasor could recover only a part of their actual damage, by reason of contributory negligence, such fact has any bearing on the right of present plaintiff to recover in full the statutory amount which [the third party's] tort has compelled it to pay.

*Ibid.* By the same token here, section 102.29(1), Stats., allocates "proceeds" of the third-party claim pursuant to the formula set out in the statute irrespective of whether the claim is a personal-injury action or a wrongful-death action. *See Kottka*, 130 Wis. 2d at 514–515, 388 N.W.2d at 167 (allocation formula in section 102.29(1) applies "to all claims in tort for an employe's [*sic*] injury or death for which the employer or its insurer has or may have liability"). We are bound by the legislature's determination. *See id.*, 130 Wis. 2d at 510, 388 N.W.2d at 165 (absent consent of the parties, court may not vary allocation formula). Employers Insurance is entitled to recover pursuant to the allocation formula established by section 102.29(1) the monies it paid as a result of Mr. Stolper's work-related injury and death.

*By the Court.*—Order affirmed.