Lisa M. JOHNSON, Individually, and as special administrator of the Estate of Scott E. Johnson, deceased, Plaintiffs-Respondents,

DOMKE CONTRACTORS, INC., Plaintiff,

v.

ABC INSURANCE COMPANY, Rudy Rijen, Otrokovice National Corporation, DEF Insurance Company, Motokov Foreign Trade Corporation, GHI Insurance Company, American Jawa, Ltd.,—Canada, JKL Insurance Company, American Jawa, Ltd.,—New York, MNO Insurance Company, Tyres International, Inc., PQR Insurance Company, State of Wisconsin, STU Insurance Company, LaCrosse County, VWX Insurance Company, Town of Campbell, Defendants,

TRANSPORTATION INSURANCE COMPANY, Defendant-Appellant.

Supreme Court

*No. 94–0762. Oral argument April 5, 1995.—Decided May 23, 1995.*

(On bypass from the court of appeals.)

(Also reported in 532 N.W.2d 130.)

36

38

For the defendant-appellant there were briefs (in the Court of Appeals) by *David M. Victor* and *Law Offices of Mark H. Miller,* Brookfield and oral argument by *David M. Victor.*

For the plaintiffs-respondents there were briefs (in the Court of Appeals) by *Larry B. Brueggeman, Hope K. Olson* and *Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C.,* Milwaukee and oral argument by *Larry B. Brueggeman.*

Amicus curiae was filed (in the Supreme Court) by *Nancy J. Sixel* and *Tinglum & Sixel, S.C.,* River Falls for the Civil Trial Counsel of Wisconsin, Wisconsin Insurance Alliance and Wisconsin Manufactures and Commerce.

DAY, J. This is an appeal on bypass granted pursuant to sec. (Rule) 809.60, Stats. (1993–94), from an order of the circuit court for La Crosse County, Dennis G. Montabon, Judge. The order of the circuit court approved a settlement between Mrs. Lisa Johnson and several third-party tortfeasors allegedly responsible for the one vehicle accident which caused the death of Mr. Scott E. Johnson, Mrs. Johnson's spouse at the time. Transportation Insurance Company, the worker's compensation insurer of Mr. Johnson's employer had paid death benefits upon Mr. Johnson's death. Pursuant to the Wisconsin Worker's Compensation Act, Ch. 102, Stats. Transportation Insurance Co. sought allocation of the proceeds of the settlement pur-

suant to sec. 102.29(1), Stats. (1993–94).[1] The circuit court ordered distribution of that portion of the settlement proceeds apportioned for pain and suffering and

[1] Section 102.29(1), Stats. (1993–94), provides in part:

**102.29 Third Party Liability. (1).** The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not affect the right of the employe, the employe's personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a 3rd party; nor shall the making of a claim by any such person against a 3rd party for damages by reason of an injury to which s. 102.03 to 102.64 are applicable, or the adjustment of any such claim, affect the right of the injured employe or the employe's dependents to recover compensation. The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall have the same right to make claim or maintain an action in tort against any other party for such injury or death. . . . Each shall have an equal voice in the prosecution of said claim, and any disputes arising shall be passed upon by the court before whom the case is pending, and if no action is pending, then by a court of record or by the department. If notice is given as provided in this subsection, the liability of the tort-feasor shall be determined as to all parties having a right to make claim, and irrespective of whether or not all parties join in prosecuting such claim, the proceeds of such claim shall be divided as follows: After deducting the reasonable cost of collection, one-third of the remainder shall in any event be paid to the injured employe or the employe's personal representative or other person entitled to bring action. Out of the balance remaining, the employer, insurance carrier or, if applicable, uninsured employers fund shall be reimbursed for all payments made by it, or which it may be obligated to make in the future, under this chapter, except that it shall not be reimbursed for any payments of increased compensation made or to be made under s. 102.18(1)(bp), 102.22, 102.35(3), 102.57 or 102.60. Any balance remaining shall be paid to the employe or the employe's personal representative or other person entitled to bring action. . . . A settlement of any 3rd party claim shall be void unless said settlement and the distribution of the proceeds thereof is approved by the court before whom the action is pending and if no action is pending, then by a court of record or by the department.

40

expenses related to Mr. Johnson's burial, but did not· order distribution of that portion of the proceeds apportioned for loss of consortium or pecuniary damages. The issue on appeal is whether pecuniary damages recovered by a surviving spouse in a settlement of a third-party wrongful death claim are subject to distribution.

We hold that amounts recovered for pecuniary loss are subject to distribution under sec. 102.29(1), Stats.

Mr. Scott E. Johnson was killed when the truck he was driving during the course of his employment with Domke Contractors, Inc., went through the railings of a bridge and fell into the river below. Death apparently occurred before the truck entered the river. Transportation Insurance Co., Domke Contractors' workers compensation carrier, paid death benefits totaling $108,067.50 pursuant to the Worker's Compensation Act. Section 102.46, Stats. (1993–94).[2] Mrs. Johnson brought a subsequent wrongful death action both personally and as the administrator of her husband's estate against the manufacturer and sellers of the tires which were on the truck at the time of Mr. Johnson's death and against various state employees who designed and constructed the bridge.

The parties negotiated a settlement to the suit which totaled $490,000. The settlement was structured as follows: For loss of consortium Mrs. Johnson

---

[2] Section 102.46, Stats. (1993–94), provides:

**102.46 Death Benefit.** Where death proximately results from the injury and the deceased leaves a person wholly dependent upon him or her for support, the death benefit shall equal 4 times his or her average annual earnings, but when added to the disability indemnity paid and due at the time of death, shall not exceed two-thirds of weekly wage for the number of weeks set out in s. 102.44(3).

received $50,000,[3] for pecuniary loss she received $419,000, for pain and suffering and expenses in connection with Mr. Johnson's burial the estate received $21,000. Pursuant to sec. 102.29(1), Stats., the settlement and the distribution of the proceeds were subject to the approval of the circuit court. A hearing was held on the matter on January 18, 1994.

The circuit court approved the settlement in its Findings of Fact and Order Approving Settlement and Dismissing Action, dated February 14, 1994. As part of that order, the circuit court held that reimbursement to Transportation Insurance Co. pursuant to sec. 102.29(1), Stats., was required only from the portion of the settlement that went to the estate. After deducting the pro rata costs of collection, this meant that the Estate of Scott E. Johnson, Deceased, received $3,601.67, representing one-third of the proceeds, and Transportation Insurance Co., as worker's compensation carrier for Domke Contractors, Inc., received the remaining $7,203.32. The circuit court ordered the remaining settlement proceeds, $241,312.48 after deducting pro rata costs of collection, be divided among Mrs. Johnson and her two minor children, Kristina M. Johnson and Emily M. Johnson, pursuant to sec. 895.04(2), Stats. (1993–94).[4] The circuit court ordered

---

[3] The amount of the settlement allocated to loss of consortium was the maximum allowed by statute at the time of Mr. Johnson's death. Section 895.04(4), Stats. (1985–86). The maximum amount recoverable under sec. 895.04(4) has since been raised to $150,000. 1991 Act 308, sec. 1 (eff. 3/16/92).

[4] Section 895.04(2), Stats. (1993–94), provides in part:

**895.04 Plaintiff in wrongful death action. . . . (2)** If the deceased leaves surviving a spouse, and minor children under 18 years of age with whose support the deceased was legally charged, the court before whom the action is pending, or if no action is pending, any court of record, in recognition of the duty

$60,000 be set aside, in trust, for each minor, leaving $121,312.48 for Mrs. Johnson. Transportation Insurance Co. appeals from this order.[5]

Whether the pecuniary damages recovered in the settlement are subject to distribution under sec. 102.29(1), Stats., is a question of statutory interpretation. The interpretation of a statute is a question of law which appellate courts review without deference to the trial court. *State v. Wittrock,* 119 Wis. 2d 664, 669, 350 N.W.2d 647 (1984).

This court set out the test for applying sec. 102.29(1), Stats., in *Kottka v. PPG Industries, Inc.,* 130 Wis. 2d 499, 388 N.W.2d 160 (1986). There this court held that the section "applies to all claims in tort for an employe's injury or death for which the employer or its insurer has or may have liability." *Id.* at 514. This case requires the resolution of competing court of appeals' interpretations of the application of *Kottka* to wrongful death claims.

The first court of appeals decision to apply the *Kottka* test to a wrongful death claim was *Stolper v. Owens-Corning Fiberglas Corp.,* 178 Wis. 2d 747, 505 N.W.2d 157 (Ct. App. 1993). There the court of appeals

and responsibility of a parent to support minor children, shall determine the amount, if any, to be set aside for the protection of such children after considering the age of such children, the amount involved, the capacity and integrity of the surviving spouse, and any other facts or information it may have or receive . . . but such amount shall not be in excess of 50% of the net amount received after deduction of costs of collection. . . .

[5] In its brief, Transportation Insurance Co. states that it does not take the position that Lisa M. Johnson's recovery for loss of her deceased husband's society and companionship is subject to distribution under Section 102.29(1).

quite simply held that "Section 102.29(1), Stats., encompasses wrongful-death actions by permitting third party claims 'for . . . the death' of a covered employee." *Id.* at 752. The *Stolper* court based its conclusion that distribution of the wrongful death pecuniary damages was appropriate on its conclusion that a wrongful death action is a claim for an employe's injury or death for which the employer or its insurer has or may have liability. *Id.* at 753.

One month later, the court of appeals in *Cummings v. Klawitter,* 179 Wis. 2d 408, 506 N.W.2d 750 (Ct. App. 1993), reached the opposite conclusion, holding that wrongful death claims for loss of society and financial support did not fall under sec. 102.29(1), Stats. It stated that *Kottka* required this result because:

> [t]he two types of loss represent personal injuries to the appellants, and, thus, were not claims for Rodger Cummings's injury or death. Furthermore, the two types of loss were asserted as part of a wrongful death action which the appellants could not have maintained against Harco or Mid State Truck Service. Therefore, neither Harco nor Mid State Truck Service were liable for, or could have been liable for, the two claims.

*Id.* at 418–19 (citations and footnotes omitted). Because we conclude that the *Cummings* court was incorrect in holding that pecuniary damages in a wrongful death action represent damages personal to the surviving family members, see *infra* at 46, and that the *Cummings* court misinterpreted the requirement that "the employer or its insurer has or may have liability." see *infra* at 47, the *Cummings* court holding that

44

pecuniary damages are not subject to distribution under the statute is overruled.

■

We conclude that the test laid out in *Kottka* for sec. 102.29(1), Stats., distribution to apply contains three elements, all of which were satisfied by Mrs. Johnson's wrongful death action for pecuniary damages. First, the action must be one grounded "in tort." *Berna-Mork v. Jones,* 174 Wis. 2d 645, 651, 498 N.W.2d 221 (1993). Second, the action must be one for the employee's injury or death. Third, the injury or death must be one for which the employer or its insurer has or may have liability.

■

The first element of the *Kottka* test is not in dispute in this case. A wrongful death action is an action "in tort" as that term is used in sec. 102.29(1), Stats. *See Kottka,* 130 Wis. 2d at 514.

However, Ms. Johnson contends that the second element was not satisfied in this case. She argues that a wrongful death action is not for the employee's injury or death because it is like a claim for loss of society in that it is a separate cause of action which never belonged to the decedent. *DeMeulenaere v. Transport Insurance Co.,* 116 Wis. 2d 322, 327, 342 N.W.2d 56 (Ct. App. 1983). Thus, she argues both are derivative in that neither arises unless the injured spouse had a claim, *See Miller v. Luther,* 170 Wis. 2d 429, 436, 489 N.W.2d 651 (1992), but yet both are personal to the claiming spouse and apart from the claim of the injured spouse. *See Kottka,* 130 Wis. 2d at 521. Therefore, she claims that pecuniary damages from a wrongful death action are not subject to distribution. We disagree.

45

Wrongful death actions are purely a statutory remedy. *Weiss v. Regent Properties, Ltd.,* 118 Wis. 2d 225, 230, 346 N.W.2d 766 (1984). In Wisconsin, the legislature established the right to maintain an action for wrongful death in sec. 895.03, Stats.,[6] entitled "Recovery for death by wrongful act." Further, the surviving spouse has the right to bring a wrongful death action only if the decedent would have had a cause of action had death not ensued. *Miller,* 170 Wis. 2d at 437. The portion of the surviving spouse's wrongful death action in this case for pecuniary loss is predicated on the claim of the deceased and is not apart from that claim, but rather is "for the employe's . . . death." *Kottka,* 130 Wis. 2d at 514.

Our holding here is consistent with the holding in *Kottka* that damages for loss of consortium prior to the decedent's death are not subject to distribution. There this court reasoned that, "the elements of loss of society, affection and sexual companionship in a spouse's action for loss of consortium are personal to the claiming spouse and apart from the claim of the injured spouse." *Id.* at 521. In contrast to the personal nature of the elements of the damages for loss of consortium, the elements of a damage claim for pecuniary injury are

---

[6] Section 895.03, Stats. (1993–94), provides:

**895.03 Recovery for death by wrongful act.** Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured; provided, that such action shall be brought for a death in this state.

objective. They include prospective earnings, the value of support and services provided by the deceased and the value of the property that might have been accumulated due to the efforts of the deceased had he lived. *See* Wis. JI—Civil 1861; *Ewen v. The Chicago & Northwestern Railway Co.,* 38 Wis. 613, 624 (1875); *Estate of Holt v. State Farm,* 151 Wis. 2d 455, 460, 444 N.W.2d 453 (Ct. App. 1989). These types of monetary damage claims are not dependent on the quality of the relationship between the decedent and the surviving relatives as are damages for loss of consortium and therefore are not "personal" to the surviving spouse.

The third element of the *Kottka* test is that the injury or death must be one "for which the employer or its insurer has or may have liability." *Kottka,* 130 Wis. 2d at 514. Here, Transportation Insurance Co. paid a death benefit based upon Mr. Johnson's wages and the statutory formula in sec. 102.46, Stats. upon Mr. Johnson's death. As such, it had liability for Mr. Johnson's death.

Mrs. Johnson argues that Transportation Insurance Co. did not have liability here because wrongful death actions cannot be maintained against an insurer due to the exclusive remedy provision of the Worker's Compensation Act. Section 102.03(2), Stats.[7] This argument misinterprets this court's statement in *Kottka* relating to the liability of the insurer. The insurer liability referred to in *Kottka* is the insurer's

---

[7] Section 102.03(2), Stats. (1993–94), provides in part:

**102.03 Conditions of liability. . . . (2)** Where such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier. . . .

liability under the Worker's Compensation Statute for the injury or death of the employee, not its legal liability in a subsequent action. *See Kottka,* 130 Wis. 2d at 515. Thus, in that case, the insurer was not entitled to distribution from the portion of the settlement proceeds for loss of consortium prior to the decedent's death because it could have had no liability under the Worker's Compensation Act for such damages. *Id.* at 522. As stated above, Transportation Insurance Co. did have liability for pecuniary injury under the Worker's Compensation Act. Therefore, it is entitled to distribution from the settlement proceeds allocated for pecuniary damages.

Mrs. Johnson also argues that the pecuniary damages she received from the tortfeasors were based only in part on the loss of the decedent's earnings. She further argues that because the statutory death benefit formula uses the decedent's earnings as the only factor in determining the death benefit, only that part of the settlement for lost earnings represents amounts the insurer has or may have liability for. Mrs. Johnson's argument fails because although the formula uses earnings as its base, the death benefit is not compensating only for lost earnings. Instead, the death benefit is part of an all-pervasive legislative scheme which attempts to effect a compromise between the employer and the employee's competing interests by granting the worker a certain award in lieu of all common law remedies he may otherwise have had against the employer in exchange for abrogation of the employer's defenses. *Id.* at 507 (quoting *Mulder v. Acme-Cleveland Corp.,* 95 Wis. 2d 173, 180, 290 N.W.2d 276 (1980)). Therefore, all claims for pecuniary damages are claims for which

the insurer has or may have liability under the Worker's Compensation Act.

In conclusion, the benefit schedules and allocation formulae in the Worker's Compensation Act are not scientifically precise, and they do not always produce the perfect result. *See Kottka,* 130 Wis. 2d at 509, 511. However, the legislative determination of the equitable formula for distribution of proceeds must be honored. *Id.* at 509. We therefore affirm that portion of the circuit court order that approved the settlement and ordered distribution of the settlement proceeds allocated to the estate. However, we reverse that portion of the order that held that the pecuniary damages from the wrongful death action were not subject to distribution, and we remand the cause to the circuit court with directions to apply the statutory formula for distribution to the portion of the settlement allocated to pecuniary damages and for reconsideration of the amounts to be set aside for the minor children of Mrs. Johnson.

*By the Court.*—Order affirmed in part, reversed in part, and cause remanded with directions.